**INDEPENDENT SCHOOL DISTRICT NO. 16 OF PAYNE COUNTY, State of Oklahoma, Appellee,**

v.

**E. F. REED, Appellant.**

**No. 44634.**

Supreme Court of Oklahoma.

Nov. 28, 1972.

Hoel & Horton, by Henry W. Hoel, Stillwater, for appellee.

Armstrong, Burns, Baumert & Drake, Ponca City, for appellant.

LAVENDER, Justice:

This appeal involves a money judgment in favor of a school district for damages to one of its school buses in a collision with a motor vehicle owned and being operated by the appellant herein, E. F. Reed.

The appeal arises mostly because of the doctrine of "sovereign immunity" from suit as it has been applied by this court to political subdivisions of the state, including its school districts, when engaged in the performance of purely governmental functions as agencies of the state.

█ In the absence of express consent of the state, as in this instance, a school district is not liable to suit for damages resulting to others from the tortious conduct of its employees, when engaged in the performance of purely governmental functions; and, the transportation of pupils to and from its schools is such a function. See: Consolidated School District No. 1 of Tulsa County et al. v. Wright (1927), 128 Okl. 193, 261 P. 953, and Wright v. Consolidated School District No. 1 of Tulsa County et al. (1933), 162 Okl. 110, 19 P.2d 369.

The school district involved herein, Independent School District No. 16 of Payne County, Oklahoma, had purchased liability insurance covering its school buses, as authorized by a 1953 statute (11 O.S.1961 § 16.1), as amended in 1965, and/or by an earlier (1949) statute, 70 O.S.1961 § 9—7, the provisions of which were re-adopted in 1971 and appear as 70 O.S.1971 § 9—106.

Section 16.1, as amended in 1965 and now appearing as 11 O.S.1971 § 16.1, provides, in the first sentence thereof:

"The governing board or body of any county, city, town, school district or soil conservation district owning or leasing or having under their care and custody motorized movable equipment and lawfully operating or moving the same upon any highway, road, street or alley is hereby authorized to and may, at its option, purchase insurance for the purpose of paying damages to persons sustaining injuries or damages to their properties proximately caused by the negligent operation of motor vehicles or motorized equipment in the course of their operation as such."

That statute goes on to provide that:

"When the operation of said motor vehicles or motorized equipment is a public governmental function, *no action for damages shall be brought against any county, city, town, school district or soil conservation* district owning or leasing or having under their care and custody and operating such motor vehicles or motorized equipment under the provisions of this section, but may be brought against the insurer, and the amount of damages recoverable shall be limited in the amount to that provided in the con-

tract of insurance between the county, city, town, school district or soil conservation district owning or leasing or having under their care and custody such motor vehicles or motorized equipment and the insurer, and shall be collected from the said insurer only. * * *." (Emphasis supplied.)

The other statute (Section 9—7) provided, in the first sentence thereof, that:

"The board of education of any school district authorized to furnish transportation may purchase insurance for the purpose of paying damages to persons sustaining injuries proximately caused by the operation of motor vehicles used in transporting school children."

That statute then goes on to provide:

"The operation of said vehicles by school districts, however, is hereby declared to be a public governmental function, and *no action for damages shall be brought against a school district* under the provisions of this section but may be brought against the insurer, and the amount of the damages recoverable shall be limited in amount to that provided in the contract of insurance between the district and the insurer and shall be collectible from said insurer only. * * *." (Emphasis supplied.)

It also provides that the provisions thereof shall not be construed as creating any liability whatever against any school district which does not provide such insurance.

Two other statutes (now appearing as 12 O.S.1971, §§ 323 and 243), both of which were enacted in 1963, are involved in this case. They provide, respectively, that:

"All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action. The court may order a separate trial of any claim or of any issue in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice. *Nothing herein permits the joinder of liability insurers* or creates any right of contribution or indemnity which has not heretofore existed." (Emphasis supplied.)

"The defendant may join as a party *to a counterclaim, a set-off or right to relief* concerning the subject of the action, *any person who may be jointly and severally liable to the defendant* on such counterclaim, set-off or other right to relief. The court, in its discretion, may order a separate trial of said counterclaim, set-off or crossclaim or of any issue therein, to avoid delay or prejudice." (Emphasis supplied.)

The action involved herein was commenced by the school district, as plaintiff, against the appellant, as defendant, seeking a money judgment for damages to its school bus (admittedly being operated by one of its employees in the performance of his duties), allegedly resulting from the negligence of the defendant.

The defendant, in his answer, denied negligence on his part, alleged that the school bus driver's negligence caused, or contributed to, the accident, and, by cross petition, sought a money judgment against the school district for damages to his vehicle.

The defendant also filed a motion to join the school district's liability insurer as a party defendant, so that he might seek to recover from it for damages to his vehicle. The trial court denied that motion.

The trial court also sustained the plaintiff's demurrer to, and motion to strike, the defendant's cross-petition, and also sustained the plaintiff's motion to strike all allegations of contributory negligence from the defendant's answer.

Trial to a jury on the remaining issues resulted in a verdict, and judgment, for the school district in the amount of $3,500.00.

After the overruling of its motion for a new trial, the defendant appealed to this court, contending that the trial court erred in the above-mentioned pre-trial rulings on the demurrer and motions.

The appeal was assigned to the Court of Appeals, Division No. 1, for opinion. It held that the trial court erred in each of the questioned rulings, reversed the judgment and remanded the cause to the trial court for further proceedings consistent with the views expressed in the opinion. It also denied the plaintiff's petition for rehearing. We grant the plaintiff's petition for certiorari to review the matter.

For the reasons hereinafter stated, we find that the trial court erred in striking the defendant's plea of contributory negligence, but was correct in denying the defendant's motion to join the school district's liability insurer as a party to the action, and in sustaining the plaintiff's demurrer to, and motion to strike, the defendant's cross-petition against it.

First, the defendant asks us to repudiate the doctrine of sovereign immunity from suit, at least insofar as it has been applied by this court to political subdivisions of the state. We find no compelling reason for doing so.

In State ex rel. Commissioners of Land Office v. Sparks et al. (1953), 208 Okl. 150, 253 P.2d 1070, this court held in the third paragraph of the syllabus, that:

"Although the general rule is that the state cannot be sued without its consent, yet when it goes into court on its own volition it will be treated as any other litigant and must concede to the defendant the right to plead and establish, by competent evidence, any legal or equitable defense he might establish as against a private litigant."

Except for the mention of equitable defenses, in that paragraph of the syllabus, and the statement in the body of the opinion applying to the state the principle of equity that he who seeks equity must do equity, we think it is wholly immaterial that that case involved a proceeding in equity.

In that case, the state on relation of the Commissioners of the Land Office had, on February 6, 1931, commenced an action for judgment on a promissory note and for foreclosure of the securing real estate mortgage. On April 23, 1931, the makers of the note and mortgage filed an answer. The case remained undisposed of until September 1, 1943, when it was dismissed on motion of the Commissioners who, on the same day, commenced a new, similar action. On March 15, 1944, the makers of the note and mortgage filed their answer in the new case. On January 7, 1949, after trial, the trial court, reserving the question of personal judgment against the principal defendants, O. A. Sparks and his wife, established the lien of the mortgage for the amount then due thereunder and ordered a sale of the mortgaged premises. The property sold for much less than that amount, and the Commissioners sought a "deficiency" judgment for a difference of $13,500.-00. After a hearing thereon, the trial court denied any personal judgment against Mr. and Mrs. Sparks, and the state appealed to this court.

In the post-sale proceeding, those defendants alleged, and established by uncontroverted evidence, that, in 1932, the Commissioners had demanded, and they had surrendered, possession of the mortgaged premises and the Commissioners had been in exclusive possession thereof from then on; and that, by reason of the Commissioners' failure to take ordinary and reasonable care of the property as required by law of a mortgagee in possession, the land itself and the improvements thereon had depreciated in value, at the time of the sale, enough to more than offset the amount of the judgment sought by the Commissioners.

Because the defendants did not ask for a money judgment, or any other affirmative relief, against the state, but based their defense to the motion for judgment against them solely upon the ground of non-indebtedness, this court (relying upon cases from other jurisdictions) denied the Commissioners' argument that to permit the pleaded defense is in effect permitting a suit against the state without its consent.

A plea of contributory negligence, if established by competent evidence, in a case

like the present one, would defeat the governmental entity's claim for judgment against the defendant without entitling the defendant to a money judgment, or other affirmative relief, against the governmental entity.

■ Under the rule stated in the third paragraph of the syllabus to the Sparks case, quoted above, the defendant in the present case is entitled to allege, and attempt to prove, the defense of contributory negligence. The trial court erred in holding to the contrary.

■ Under the provisions of the above-quoted liability insurance statutes (as well as under the doctrine of sovereign immunity from suit as applied to political subdivisions of the state), the school district involved herein is not liable—jointly or severally, absolutely or contingently—to this defendant for any damages resulting from the collision involved in the school district's action against him. Neither Section 243, nor Section 323, of Title 12 of our statutes can be said to create any such liability. Consequently, neither Section 243 nor Section 323 can be held to authorize an action (or counterclaim) by the defendant against the district for any such damages.

■ Even if the plaintiff in this case were a non-governmental entity against which a cross-action for such damages could, properly, be filed, Section 323, supra, would preclude this defendant from joining the plaintiff's liability insurer as a party to the action. So, construing the exclusionary provision of that statute (as the defendant would have us do) as being intended by the Legislature to apply only when the insured is a non-governmental entity, would not help the defendant And, such a legislative intent is not indicated.

Nor is the defendant aided by the rule, set forth in the first paragraph of the syllabus to State ex rel. Commissioners of Land Office v. Warden et al., (1946), 197 Okl. 97, 168 P.2d 1010, that the state, by commencing an action, subjects itself to the procedure established for its final and complete disposition in the courts. Certainly, the state and its political subdivisions are entitled to have procedural statutes, like Sections 243 and 323 of Title 12, applied to them in the same manner that they would be applied when non-governmental entities are involved.

What we have said herein concerning Sections 243 and 323 makes it unnecessary for us to consider the defendant's argument (supported by authority from other jurisdictions) that the state, by commencing an action, subjects itself to the same counterclaims, as well as the same defenses, that would be available to a defendant against a private litigant.

■ The fact that the liability insurer or the defendant may be estopped to raise certain issues which are determined in this cause, in a subsequent action between them (even if such be held in the future action) furnishes no basis for allowing the defendant to make the school district's liability insurer a party to this suit. Whether an estoppel by judgment would lie in any such future action is not herein decided.

The trial court correctly denied the defendant's motion to bring the school district's liability insurer into the case, and, it being apparent on the face of the defendant's cross-petition that he had, and could have, no cause of action against the school district for damages to his vehicle, correctly sustained the school district's demurrer to, and motion to strike, the cross-petition.

With respect to the defense of contributory negligence, the order of the trial court is reversed and the decision of the Court of Appeals is affirmed. With respect to the cross-petition against the school district, and the joinder of the school district's liability insurer, the orders of the trial court are affirmed and the decision of the Court of Appeals is reversed.

The judgment for the plaintiff is reversed and the cause remanded to the trial court with directions to overrule the plaintiff's motion to strike the defense of con-

tributory negligence from the defendant's answer, and to grant a new trial giving consideration to that defense.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, and BARNES, JJ., concur.

SIMMS, J., concurs in result.