LAMONT INDEPENDENT SCHOOL DISTRICT # I–95 OF GRANT COUNTY, Oklahoma and Home Insurance Company, Petitioners,

v.

J. Russell SWANSON, Judge of the District Court of Grant County, Oklahoma, Respondent.

No. 48137.

Supreme Court of Oklahoma.

March 30, 1976.

William J. Otjen, Jr., Enid, for petitioners.

Tim J. Crowley, Enid, for respondent.

LAVENDER, Justice:

Derrick Skaggs brought an action in the District Court of Grant County against Lamont Independent School District #I–95 (school district) of that county. Skaggs' amended petition made Home Insurance Company (insurance company) a party defendant. It alleged personal injury to Skaggs caused by school district's negligence in failing to properly protect him as a basketball player from a window hazard. The accident occurred while Skaggs was participating in a conference Senior All-Star basketball game played in the school district's gymnasium under contract with the conference. There is no showing that Skaggs was a pupil of that school district.

Defendant school district filed a general demurrer. The defendant insurance company filed a motion to strike and a special demurrer. Both defendants filed objections to interrogatories relating basically to discovery as to the liability insurance policy. The respondent trial court overruled the defendants' demurrers, motion and objections. Petitioners, school district and insurance company, seek to prohibit the trial court from proceeding further in the action.

Petitioners argue (1) governmental immunity of the school district; (2) the liability insurer is not a proper party defendant; and (3) liability insurance is not a proper subject for discovery.

Skaggs' positions, through the respondent judge, are (1) securing the liability insurance waived governmental immunity to the extent of the purchased coverage; (2) insurer waived its statutory protection not to be a named party by issuing the liability policy; and (3) liability insurance is a proper subject for discovery.

This court in *Schrom v. Oklahoma Industrial Development*, Okl., 536 P. 2d 904 (1975) modified the requirement of express consent through a clearly permitted statute for the state, or its political subdivision such as a school district, to be sued. There, waiver of governmental immunity was allowed to the extent of the insurance coverage upon legislative authority to enter into lease-rental contracts. The contract involved required liability insurance. *Schrom* no longer prohibits relinquishment of governmental immunity by reference or construction. The right of the sovereign state to immunity from suit is not such a public right as to require waiver by statute clearly permitting the state to be sued. Consent to be sued or waiver of governmental immunity may be implied.

There is no contention the activity here, a conference all-star game, or the contract, between the school district and the conference, was unauthorized and not a proper function of the school district. School district's brief upholds its right to so participate as a governmental function. *Rogers v. Butler*, 170 Tenn. 125, 92 S.W.2d 414 (1936) held a statute which empowers a county to employ a school bus driver authorizes it to take out liability insurance covering operation of its school buses. It allowed judgment against the county for negligent operation of a school bus, but limited satisfaction of judgment on recovery as the county might obtain on its liability policy.

*Thomas v. Broadlands Community Consol. School Dist.*, 348 Ill.App. 567, 109 N. E.2d 636 (1952) (a school ground injury case) quotes from McQuillin one reason for governmental immunity as:

" * * * *one of public policy, to protect public funds and public property.* 'Taxes are raised for certain specific governmental purposes; and if they could be diverted to the payment of damage claims, the more important work of

government, which every municipality must perform regardless of its other relations, would be seriously impaired if not totally destroyed. The reason for the exemption is sound and unobjectional * * *' (Italics supplied.) 18 McQuillin, supra, Sec. 53.24."

The opinion went on to say "when liability insurance is available to so protect the public funds, the reason for the rule of immunity vanishes to the extent of the available insurance."

*Wilson v. Maury County Board of Education,* 42 Tenn.App. 315, 302 S.W.2d 502 (1957) (a personal injury case involving a collision with a school bus) quotes at length from *Williams v. Town of Morristown,* 32 Tenn.App. 274, 222 S.W.2d 607, 614 as follows:

" 'It is the rule in this jurisdiction that evidence shall not be admitted that defendant is insured against the liability sought to be established against him in the suit. (Tenn. citations deleted.)

" 'The only legitimate purpose of the amendment (to the declaration or petition) was to fix liability against defendant if the court should hold defendant was immune from the tort action because it was performing a governmental function in maintaining the picnic grounds or pool. Since we have held that it was performing a corporate act, the question of liability insurance has no place in the case. (Explanation added.)

" 'It is our opinion that the question of liability insurance would be a proper question of pleading and proof if the enterprise had been a governmental and not a corporate undertaking. (Tenn. citations deleted.)

" 'The trend of these decisions is that a defendant and its insurance carrier are liable to the injured party, although the defendant would not be liable unless it carried the liability insurance. It would be an entirely useless gesture and waste of public funds for a municipality to carry liability insurance to protect it in tort actions incurred in connection with its governmental acts if it were required to plead and set up governmental immunity as a defense. The more equitable rule, sanctioned by reason and common sense, would be to permit plaintiff to plead and prove that defendant carried liability insurance; then limit the judgment to such coverage. That seems to us to be a reasonable extension of the rules already announced by our courts.' "

Although dicta in *Williams, supra,* for a corporation act was performed, *Wilson,* as does the case at bar, concerned a governmental act. Our opinion in *Schrom, supra,* adopted this same general rationale saying:

" * * * Otherwise, the insurer would reap the benefits of the premiums paid without being obligated to pay any damages for which the department was insured. * * *"

■ We hold securing liability insurance is not an absolute waiver of governmental immunity but is a waiver of governmental immunity to the extent of the insurance coverage only. As said in *Williams, supra,* "that seems to us to be a reasonable extension of the rules already announced by our courts." See *Schrom, supra.* Our holding in *Independent Sch. Dist. No. 16 of Payne County v. Reed,* Okl., 503 P.2d 1265, and cases of similar import wherein we allowed governmental immunity when liability insurance covered the act sued upon, is modified as here set forth.

■ By this opinion, the existence and amount of a liability insurance covering the negligent act sued upon is a material fact to establish waiver of governmental immunity to the extent of the insurance coverage only. Where such matters are not admitted, they remain issues in the controversy and are properly subject to discovery through the use of interrogatories in governmental immunity cases.

In *Carman v. Fishel,* Okl., 418 P.2d 963 (1966) we indicated (p. 973) that there might be cases where insurance coverage would be relevant and subject to discovery procedures.

*Reed, supra,* modified by this opinion, also held under 12 O.S.1971, § 323 the liability insurer is not a proper party defendant. That ruling remains and is controlling in this case. We find no reason to modify that part of the opinion. The trial court was incorrect in not sustaining the motion to strike and special demurrer of the insurance company. The liability insurer is not a proper party defendant in the instant case. The writ of prohibition is granted as to proceeding further in this case against the insurance company as a party defendant. The prohibition is not intended or extended to prevent any right of satisfaction through the liability insurance of a recovered judgment against the school district.

The trial court was correct in not sustaining the general demurrer of the defendant school district and in not allowing the objections to interrogatories as relating to discovery as to liability insurance.

Original jurisdiction assumed; writ of prohibition granted in part and denied in part.

DAVISON, IRWIN, BERRY, BARNES, and SIMMS, JJ., concur.

HODGES, V. C. J., and DOOLIN, J., concur in part and dissent in part.