Joe KEPLER and Joyce Kepler,
Appellants,

v.

Charles L. STRAIN and First National
Bank of Britton, Appellees.

No. 47636.

Supreme Court of Oklahoma.

April 11, 1978.

Rex D. Brooks, Oklahoma City, for appellants.

Garrett & Garrett, Oklahoma City, for appellees.

SIMMS, Justice.

Appellants, depositors in appellees' Bank, filed an action in conversion seeking damages against appellees for their transfer of funds from Appellants' general account without notice which caused several checks to be dishonored for insufficient funds. The appellees credited the transferred funds to a note owed appellees which was secured by appellants' two automobiles.

The appellants filed their petition on April 2, 1974. Appellees deposed appellants on April 15, 1974, and on May 1, 1974, the appellees entered their appearance and re-

served an additional thirty days (until June 2, 1974) to answer. Appellees then filed a motion for summary judgment on May 21, 1974, which was heard on May 31, 1974, and taken under advisement by the court for one week pending reading of the depositions. Appellees filed no further pleadings before or after the June 2, 1974 answer date. On June 6, 1974, the trial court sustained their motion for summary judgment finding that there "was no substantial controversy as to any material facts" and held appellees were entitled to judgment as a matter of law. Appellants' counsel subsequently withdrew from the case and new counsel prosecutes this appeal from sustention of the motion for summary judgment.

On appeal, appellants' first proposition of error is that the motion for summary judgment was prematurely granted. Appellants concede that their petition was defective but present the unique argument that by sustaining the motion before answer was filed, the trial court denied them their statutory[1] right to amend the petition and plead a course of action. The Court of Appeals agreed with appellants, vacated the judgment of the trial court and remanded the action with directions to allow appellants to amend their petition to plead a cause of action for wrongful dishonor. We grant Certiorari, vacate the opinion of the Court of Appeals and affirm the trial court.

Rule 13, 12 O.S. Ch. 2, App., provides in pertinent part:

"A party may move for judgment in his favor where the deposition, admission, answers to interrogatories and affidavits on file show that there is no substantial controversy as to any material fact. The adverse party may file affidavits or other materials in opposition to the motion. * * * The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law. If the court finds that there is no substantial controversy as to

certain facts or issues, it shall make an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the other facts or issues.

"Notice shall be given to the adverse parties of the filing of a motion for judgment under this rule. The filing of such a motion shall not delay or extend the time to answer, reply or file other proceedings or papers in the case and it shall not delay the pretrial conference, the trial or other proceedings in the case. If such a motion is made after the case is at issue, the hearing on the motion and the pretrial may, in the discretion of the court, be held at one time."

Appellants do not question the right of a defendant to *file* a motion for summary judgment but contend that the court cannot *grant* the motion prior to answer being filed.

We do not agree. Neither do we agree with appellants that they were "denied" the right to amend their petition because summary judgment was entered prior to answer.

Because Rule 13 is patterned after Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the Federal cases thereunder are given special consideration by this Court. See, *Northrip v. Montgomery Ward & Co.*, Okl., 529 P.2d 489 (1974). Under Rule 56, the defendant party may make a motion for summary judgment before pleading to the claim, and same may be granted by the court without answer being filed. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519 (3rd Cir. 1973); 6 Moore's *Federal Practice*, 2nd Edition, § 56.08.

We agree with appellees that under Rule 13 motion for summary judgment may be filed by a defending party prior to

---

1. 12 O.S.1971, § 314 provides: "The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

answer and that the court may determine the motion before answer. The trial court may in the exercise of its discretion, direct that answer be filed before rendering decision on the motion and usually this would be the preferred practice. See, 6 *Moore's Federal Practice, supra,* § 56.08, and cases cited therein.

▮ Appellants' contention that they were denied their statutory right to amend by reason of summary judgment being entered prior to answer is wholly lacking in merit. While appellants' did indeed have a "right" to amend their petition, the responsibility for enforcing that right was on them, not the court or appellees. A search of the record reveals that appellants never requested leave to amend. The Federal cases decided on this issue under Rule 56 provide that claimant may amend while the motion is pending and even after summary judgment is granted, the court may, within its discretion, allow amendment if it is requested. See, e. g., *Hubicki v. ACF Industries, Inc., supra; Sherman v. Hallbauer,* 455 F.2d 1236 (5th Cir. 1972); *6 Moore's Federal Practice, supra,* § 56.10; See, also, *Freeman v. Continental Gin Co.,* 381 F.2d 459 (5th Cir. 1967).

This reasoning is consistent with our decisions concerning failure to timely request permission to amend pleadings. *Tipton v. Standard Installment Finance Company,* Okl., 418 P.2d 309 (1966) involved a similar situation. There the defendant complained on appeal that its right to amend granted by 12 O.S.1961, § 318 had been denied when plaintiff's combined motion to strike the answer and for judgment was sustained. We held, however, that the trial judge did not abuse his discretion in ruling on the judgment on the pleadings, after striking defendants' answer and without further pleading by defendant, because defendant made no effort to amend. The Court, in paragraph 3 of its syllabus, stated:

"Under Tit. 12, O.S.1961, sec. 318, parties to court actions 'may' amend their pleadings ' * * * if the court, in its discretion, shall direct'; and, where such parties are present, by their counsel, at a hearing on their adversary's combination motion to strike their answer and for judgment, when said motion is sustained, but have made no effort to amend their answer, and make no request for leave to do so, or to file any additional pleading to take the place of said answer, and make no showing that they have an effective defense to the action, they are in no position to claim, on appeal, that the court erred, or abused its discretion, in failing, or refusing, to allow a pleading substitution, or amendment."

In the opinion we pointed out that "the privilege of amending may be lost, or waived, by failure to request it." We explained that:

"Without such a request, application, motion or some indication that defendants desired the opportunity to plead further in the case, the trial judge might reasonably have concluded that they elected not to do so. It was not the court's duty, on its own initiative, to suggest to defendants an amendment, or substitution, or to afford them an opportunity to make one, under the circumstances. Even in jurisdictions where a right to amend is given by statute, a party may waive that right."

▮ Appellants have waived their right to amend their petition. Having failed to request that right from the trial court, they may not now attempt to obtain such relief on appeal.

▮ Appellants present four other propositions of error. None of the issues raised by any of these propositions were presented to the trial court for its consideration and we will not consider them now for the first time on appeal. *Midwest City v. Eckroat,* Okl., 387 P.2d 123 (1963); *Edwards v. Pierce,* Okl., 376 P.2d 269 (1962).

The opinion of the Court of Appeals is vacated. The judgment of the trial court is affirmed.

All the Justices concur.