Frank E. BECK, Jr., Appellant,

v.

BACONE COLLEGE and Dr. Garold D. Holstine, Appellees.

No. 51498.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 4, 1979.

Released for Publication by Order of Court of Appeals Jan. 3, 1980.

Settle & Landrum by Bill Settle, Muskogee, for appellant.

Robinson, Locke & Gage by A. Carl Robinson, Muskogee, for appellees.

ROMANG, Presiding Judge:

Plaintiff-Appellant appeals the sustention by the trial court of Defendant-Appellees' motion for summary judgment, i. e., motion for judgment where facts are not controverted. Rule 13, Rules for the District Courts.

Plaintiff was a non-tenured faculty member at Bacone College. During the Spring of 1973 he was notified that his contract would not be renewed for the 1973–74 academic year. He does not plead that the notice was untimely in violation of any provision of law or contract. He alleges that the Defendants' non-renewal of his contract was a breach of contract because it was arbitrary and capricious, that it was tortious because he "had been subject to embarrassment, [and] has sustained mental anguish," and that it violated his State and Federal Constitutional rights in that he was deprived "of life [?], liberty and property without due process of law," i. e. he was not given a hearing prior to notice of non-renewal.

Defendants' demurrer was overruled but its motion under Rule 13, filed before answer, was granted.

Since no "deposition[s], admission[s], answers to interrogatories, [or] affidavits" were filed it appears dubious that good practice warrants treating the motion as a Rule 13 motion cf. *Kepler v. Strain,* 579 P.2d 191, 193 (Okl.1978). Nevertheless, the *Kepler* case makes it clear that the motion may be filed and granted before answer at least where, as in *Kepler,* depositions had been taken and were presumably part of the basis of the trial court's decision. In our case nothing other than certain motions and a demurrer had been filed. The only thing tested by the motion was the sufficiency of the allegations in the petition. Nor does the record reflect any request by Defendant for time to file discovery documents or affidavits. Moreover, as the amended petition was not verified there were no sworn facts at all before the trial court and, hence, no basis for a "judgment where facts not controverted." The Rule 13 judgment must be reversed and set aside.

The trial court in essence ruled that the petition failed to allege facts sufficient to constitute a cause of action. Although the court had earlier denied an express demurrer it is clear he may reconsider his view. Unfortunately, rather than merely deny the "motion" and give time for further pleading he granted the Defendant a judgment. As we have said this must be reversed. But we concur with the trial judge that no cause of action has been stated. All Plaintiff alleges is that his contract was not renewed. He pleads no facts showing a right to contract renewal. Being non-tenured his contract expires if it is not renewed. Not pleading a violation of a statutory or contractual right there is no valid premise for the alleged tort. We are not told what duty to the Plaintiff was breached by the Defendant. Finally, Bacone College is allegedly a private institution. As such it is free from the strictures of the Fourteenth Amendment to the U.S. Constitution which only regulates "state action." While it is alleged that Defendant receives federal funds no facts are alleged which would show Bacone had entertwined itself with the state or federal governments under the principles of *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Nor does

Plaintiff seek relief for private contract discrimination under 42 U.S.C. § 1981. Nor are any authorities cited indicating the limits, if any, imposed on private contracts by Art. 2, § 7 of the Oklahoma Constitution which does not have the "state action" language.

■ In view of the procedural posture of this case, we reverse the Rule 13 judgment and remand the case to the District Court to give Plaintiff time to amend. Failing a sufficient amendment the cause should be dismissed as the judgment of the District Court indicates.

REVERSED AND REMANDED.

REYNOLDS and BOX, JJ., concur.