Gregory Theodore HERWEG, By and Through his mother and next friend, Rosalind STANARD, Appellant,

v.

The BOARD OF EDUCATION OF the LAWTON PUBLIC SCHOOLS, Lawton Public School District I–8, Comanche County, Oklahoma, Joe Bob Craig and Roosevelt Fly, Appellees.

No. 55921.

Supreme Court of Oklahoma.

June 28, 1983.

As Modified on Denial of Rehearing Dec. 16, 1983.

4. *Utica Nat. Bank and Trust v. Assoc. Prod.,*   Okl., 622 P.2d 1061, 1066 [1981].

W. Wayne Moss, Lawton, for appellant.

Richard G. Robertson, Schacher & Robertson, Lawton, for appellees.

SIMMS, Vice Chief Justice:

Appellees, petitioners for certiorari, present two issues for review: (1) whether the issue of sovereign immunity under the Political Subdivision Tort Claims Act, 51 O.S.Supp.1978, § 151 et seq., can be reached by a general demurrer; (2) whether this same Act excludes all causes of action arising from interscholastic high school athletes against a school board and its employees.

This suit arose from an injury suffered by a junior high school football player during practice. Gregory Herweg, through his mother and next friend, Rosalind Stanard, filed suit alleging that two coaches negligently managed the practice during which plaintiff broke his leg. The Lawton School District, as well as the coaches, were named as defendants.

Defendant's demurred to the petition, relying upon the Political Subdivision Tort Claims Act:

"A political subdivision or an employee acting within the scope of his employment shall not be liable if a loss results from:

\* \* \* \* \* \*

(20) Participation in or practice for any interscholastic athletic contest." 51 O.S.1981, § 155(20).

Because the petition alleged the injury resulted from a situation specifically addressed by the Tort Claims Act, defendants argued that the demurrer should be sustained. The trial court sustained the demurrer and dismissed the cause of action.

The Court of Appeals, Division II, held, first, that the issue of sovereign immunity could not be raised by general demurrer; secondly, that even a political subdivision exempted from liability under the Act could be liable to the extent of liability insurance coverage; and finally, that the trial court should not have ruled on the demurrer until defendants had responded to plaintiff's interrogatories concerning the existence of liability insurance. The Court of Appeals remanded the case with instructions that defendants be compelled to answer the interrogatories.

■ Though holding that the doctrine of sovereign immunity must be pled in the answer, the Court of Appeals neither cited authority nor a convincing rationale for doing so. The general demurrer, 12 O.S.1981, § 267, has been the accepted method for raising the issue. *Wright v. Consolidated School Dist. No. 1 of Tulsa County,* 162 Okl. 110, 19 P.2d 369 (1938); *Lamont Ind. School Dist. # I–95 of Grant County v. Swanson,* Okl., 548 P.2d 215 (1976). We see no reason to change this procedure at this time.

■ The second issue before the Court is the effect of Oklahoma's Political Subdivision Tort Claims Act on the doctrine of sovereign immunity. The Court of Appeals correctly ruled that under *Lamont, supra,*

even when a political subdivision would be otherwise exempt under the Act, it is still liable on an insured risk to the extent of coverage under liability insurance.

The defense of sovereign immunity is based in part on the risk of successful plaintiffs depleting the resources of the State at the expense of tax revenues. Liability insurance changes this situation. If the political subdivision has obtained insurance coverage, there is a fund independent of the agency's assets upon which the injured plaintiff may draw. "Otherwise, the insurer would reap the benefits of the premiums paid without being obligated to pay any damages for which the department was insured." *Schrom v. Oklahoma Industrial Development, Okl., 536 P.2d 904, 907 (1975).* As specifically held in *Lamont,* a political subdivision such as a school district waives its immunity to the extent of coverage.

The Court of Appeals ruled that the trial court should have waited until defendants responded to interrogatories dealing with existing insurance before ruling on the demurrer. We note from the record that the demurrer was filed in the trial court on August 13, and interrogatories were filed on August 27. The trial court sustained the demurrer and dismissed the action on September 30.

■ Plaintiff made no request, either before or at the time the demurrer was being considered by the court, to compel defendants to answer interrogatories pursuant to 12 O.S.1971, § 549(c) (now 12 O.S.Supp. 1982, § 3214).

Whether answers to the interrogatories could have enabled appellant to plead a cause of action in tort under the rationale of *Lamont, supra,* is therefore left wholly to speculation. Appellant can not now be heard to complain because the interrogatories were not answered at the time the demurrer was sustained.

■ A demurrer only raises questions of law as to the sufficiency of the pleading apparent on the face thereof. *Great American Insur. Co. v. Watts, Okl., 393 P.2d 236 (1964).* The petition before the trial court was devoid of any allegations bringing the cause of action within the exception of *Lamont.* We therefore find no error by the trial court in sustaining the demurrer to the petition.

■ There is nothing in the record to indicate appellant requested leave to file an amended petition. Appellant waived the privilege of amending by failing to request the opportunity. Appellant may not now assert the issue on appeal. See, e.g., *Kepler v. Strain, Okl., 579 P.2d 191 (1978), and, Tipton v. Standard Installment Finance Co., Okl., 418 P.2d 309 (1966).*

Appellant's argument in the original briefs that the Political Subdivision Tort Claims Act creates a suspect, and therefore, unconstitutional classification was settled in *Reirden v. Wilburton Bd. of Ed., Okl., 611 P.2d 239, 240 (1980).*

Opinion of the Court of Appeals vacated. Judgment of the trial court AFFIRMED.

BARNES, C.J., and IRWIN, HODGES, LAVENDER, DOOLIN and HARGRAVE, JJ., concur.

OPALA and WILSON, JJ., concur in part and dissent in part.

OPALA, Justice, concurring in part and dissenting in part:

I recede from today's pronouncement because, on the record before it, the trial court *clearly erred* when it rendered judgment for the defendants, even though it was legally correct in sustaining their demurrer to the petition. I would remand the case with directions that plaintiff be permitted to amend her petition.

While the demurrer, filed on August 13, 1980, was pending, plaintiff sought to discover the availability of public liability coverage for the harmful episode in suit, by interrogatories propounded on August 27. The court's judgment was rendered below September 22, 1980.

Whenever the demurrer to a petition is sustained in preanswer stages, our statutory law affords the plaintiff the opportunity to amend, if the defect can be remedied. 12

O.S.1981 § 318; *Hart v. Bridges,* Okl., 591 P.2d 1172, 1173–1174 [1979]; *Maben v. Norvell,* Okl., 328 P.2d 425, 427 [1958]. The legal flaw in the petition was plainly remediable. It could have been cured by pleading the existence of public liability coverage for the injurious event in suit. *Lamont Ind. School Dist. No. I–95 of Grant County v. Swanson,* Okl., 548 P.2d 215, 216–217 [1976]. *Lamont* plainly holds that whenever a school district does have public liability insurance for the harm that is sought to be vindicated, its immunity is waived "to the extent of the . . . coverage only".

The plaintiff chose not to test the sufficiency of her pleading by electing to stand on it, and the defect found to exist in her petition was plainly curable. Final termination of this lawsuit was hence *clearly unwarranted.* The court's decision deprives the plaintiff of a basic right that is firmly secured to her by our Code of Civil Procedure, 12 O.S.1981 §§ 317 and 318. Today's disposition represents a step back into an era of ritualistic formalism reminiscent of the common-law writ system. I cannot countenance, at this late date, a return to the "one-strike-and-you-are-out" judicial philosophy.

I am authorized to state that WILSON, J., concurs in my view.