STATE of Oklahoma, ex rel. Robert D. SIMMS, Chief Justice of the Supreme Court of Oklahoma, Appellee,

v.

Paul E. SIMMONS, Appellant.

No. CJAD–85–2.

Court on the Judiciary of Oklahoma, Appellate Division.

Dec. 30, 1985.

William R. Burkett, Linn & Helms, Oklahoma City, and Doyle Argo, Norman, for appellee.

Joe P. Robertson, Wagoner, for appellant.

ALMA WILSON, Presiding Judge:

This is an appeal to the Court on the Judiciary, Appellate Division, from an order of the Trial Division. The Trial Division found that the Appellant, Paul E. Simmons, should be compulsorily removed from the office of Associate District Judge of Wagoner County, Oklahoma and that 20 O.S. 1984 Supp. § 1102 creates a threshold retirement tenure of eight years. The Trial Division, therefore, ordered the removal of Appellant from judicial office, without retirement compensation. The order of removal was entered pursuant to an amended petition calling for Simmons' compulsory retirement. On appeal, Simmons' counsel protests the Trial Division's refusal to grant Simmons benefits as a judge compulsorily retired by reason of medical infirmity, with six years and four months judicial service. At issue are the applicable judicial retirement and removal laws of this State. We find Art. 7-A, § 4(d), of the Oklahoma Constitution dispositive of this appeal and reverse the order of the court below accordingly.

Appellant was elected Associate District Judge of Wagoner County, Oklahoma, on January 8, 1979 and served continuously through May 8, 1985. A petition was filed in the Court on the Judiciary, Trial Division, on December 4, 1984, seeking the removal of Appellant from his judicial office. Trial of this matter commenced on May 6, 1985, at which time the petition was amended, with leave of the Trial Division, to request that Appellant be compulsorily *retired*, rather than *removed* from office. Appellant agreed to the amendment, joined in the request and asked that he be granted such retirement compensation as allowed by law. Thereafter, evidence was presented, and later stipulated to by the parties, that Appellant had performed his duties

well as an Associate District Judge until he had become seriously ill during approximately the preceding year. Medical evidence established that Appellant was 70 years of age and had cancer of the bladder and cancer of the prostate, along with certain other physical maladies, and had undergone surgery and radiation therapy during the time in question. By reason of these medical infirmities Appellant progressively became unable to competently perform his duties as an Associate District Judge. Witnesses testified that after becoming ill, Appellant's personality changed. His judicial ability and temperament eroded as evidenced by an increasing lack of patience, dignity and courtesy with those he came in contact with on and off the bench. As his cancerous condition worsened, Appellant exhibited erratic, and occasionally bizarre, behavior according to the witnesses. The Appellees characterized Appellant's behavior as contrary to good order and decorum, prejudicial to the administration of justice, and oppressive. Upon this basis, the Appellees requested the compulsory retirement of Appellant. At the conclusion of the evidence Appellant ultimately joined in the Appellees' prayer for compulsory retirement and asked that he be given such retirement compensation as is allowed by law. The Trial Division of the Court on the Judiciary, however, erroneously perceived that it was without authority to grant *any* retirement compensation to a judicial officer with a tenure of service less than eight years. Consequently, the Trial Division ordered that Appellant be compulsorily removed from office without compensation.

In pertinent part, Article 7-A, Section 4(d) of our state constitution provides:

A Judicial Officer who is a member of the retirement compensation system prescribed by this Article and is compulsori-

ly retired shall receive the retirement compensation to which his term of service entitled him. *If he is not qualified for full retirement compensation he may receive such compensation as the Court may decree, in proportion to time served and in accordance with principles of justice and equity* alike as to amount, commencement of payment, terms of payment or other relevant conditions or limitations. [Emphasis added.]

The above constitutional provision controls the instant case involving a judge who is not qualified for *full* retirement compensation, but who, according to the stipulations and the evidence, must be compulsorily retired. It is undisputed that Appellant, after being elected by the voters of Wagoner County, served well in his judicial capacity until such time that ill health and age rendered him incapable of competently performing his judicial function. Under these circumstances, we find the above constitutional provision no less compelling in view of 20 O.S. 1981 § 1102.[1] The threshhold requirements of § 1102 govern non-compulsory eligibility for full judicial retirement compensation, and thus are inapplicable to the facts now before us. Otherwise, Article 7-A, § 4(d) of our Constitution would be meaningless.

▮▮▮ It is a cardinal rule of constitutional construction that the sections of our State Constitution are to be construed so as to give effect to every part thereof. *State v. Freeman*, 440 P.2d 744, 756 (Okl.1968). Legislatures must function within constitutional limitations, and it is to be presumed that a legislature acts with a conscious regard thereof. *State ex rel Kerr v. Grand River Dam Authority*, 195 Okl. 8, 154 P.2d 946 (1945). The Legislature has no power to abridge or extend a provision of the Constitution when the same is self-

---

1. Title 20 O.S. 1984 Supp. § 1102, governing non-compulsory eligibility for full judicial retirement compensation, provides in part: "Any Justice or judge of the Supreme Court, Court of Criminal Appeals, State Industrial Court, Intermediate Appellate Court or district court who serves as Justice or judge of any of said courts in the State of Oklahoma for a period of eight

(8) years or longer and upon reaching or passing the age of seventy (70) years, or who serves for a period of ten (10) years or longer and upon reaching or passing the age of sixty-five (65) years, or who serves for a period of twenty (20) years or longer and upon reaching or passing the age of sixty (60) years, shall receive the retirement benefits herein provided, . . .

executing. *Kiowa County Excise Bd. v. St. Louis-San Francisco Ry. Co.*, 301 P.2d 677 (Okl.1956). The Constitution of the State of Oklahoma leaves with the Court on the Judiciary in cases of compulsory retirement, discretion to grant a judicial officer under appropriate circumstances "such compensation as the Court *may* decree in proportion to time served and in accordance with the principles of justice and equity". This is not, of course, intended to imply that every compulsorily retired judicial officer should or should not receive compensation, but only that compensation, if any, must be based on the particular facts of the case and in accordance with the principles enunciated in Article 7–A, § 4(d), *supra,* which should be judiciously applied.

▇ From our review of the record in the present case, including the evidence and the stipulations, we find the trial court erred in removing Appellant from judicial office without compensation. The petition as amended, seeking compulsory retirement only, as well as the evidence, supports compulsory retirement only, not removal. An amended petition constitutes an abandonment of the original petition and all prior averments not made a part of the amended petition. *See, Edwards v. Andrews, Davis, Legg, Bixler, etc.,* 650 P.2d 857, 859 (Okl.1982); *Scott v. Price,* 123 Okl. 172, 247 P. 103 (1926). The record additionally supports a compulsory retirement compensation of $700 per month. Appellant may, at his option, accept $700 per month as compulsory retirement compensation or alternatively elect to receive all the contributions retained from his salary by the Oklahoma Judicial Retirement Fund.

For the reasons stated herein the order of the Trial Division of the Court on the Judiciary is REVERSED.

KAUGER, V.P.J., and PARKS, HAMPTON and BROCK, JJ., concur.

PARR, MALEY, JENNINGS and BICKFORD, JJ., concur in part, dissent in part.

BICKFORD, Judge, with whom MALEY AND JENNINGS, JJ., join, concurring in part and dissenting in part.

The majority has correctly identified the error of the Trial Division of the Court on the Judiciary. When petitioner moved to amend his prayer from removal to compulsory retirement and the same was allowed by the Court, the Trial Division lost its power to remove the respondent and could only retire him.

The Trial Division determined in this case that it was without authority to grant retirement compensation to the judicial officer since his tenure was less than eight years. The Appellate Division has determined, and correctly so, that the Trial Division was in error in that decision and that Article 7A § 4 of the Oklahoma Constitution as determined by the majority opinion is the determining authority.

In this regard I concur with the majority.

I dissent from the majority, however, where the Appellate Division of the Court on the Judiciary determines the amount of compensation rather than remanding it back to the Trial Division of the Court on the Judiciary to make this determination. After the Appellate Division resolved the legal issue, the case should be remanded and the factual issue as to whether or not under the evidence presented to the Trial Division, retirement compensation should be granted in this case. Although Article 7A § 5 of the Oklahoma Constitution appears to grant authority to the Appellate Division to determine this factual issue on appeal, it nonetheless appears to me that this factual issue remains the primary function of the Trial Division to decide and they should now be given the opportunity to determine the amount of compensation they find is proper under the facts from the testimony they heard and what they observed.

While it is true that under Article 7A § 5 of the Oklahoma Constitution, the Appellate Division can modify, reverse or enter a new judgment, they should not become the Trial Division and the better policy in my opinion is to let the Trial Division decide

this issue under the facts and evidence presented to them. The parties then would have an opportunity to appeal to the Appellate Division on the question only as to whether the Trial Division abused their discretion which I consider to be better procedurally.

PARR, Judge, concurring in part and dissenting in part.

I join in the opinion of the majority to the extent that it attempts to delimit the Constitutional power of the Court on the Judiciary to award retirement compensation to a judge of less than eight years' seniority who is compulsorily retired by action of the Court. As the majority correctly perceives, Article 7–A, Section 4(d) of the Oklahoma Constitution clearly gives the Court on the Judiciary the power to grant retirement compensation to a judge whom it compulsorily retires and who is not entitled to "full retirement compensation." Implicit in the majority's interpretation is that "full retirement compensation" means vesting of yearly retirement benefits under the judicial retirement compensation scheme adopted by the Legislature at 20 O.S. § 1101 et seq. Title 20 O.S. § 1102 provides that upon retirement judges of eight years' and greater seniority participate in yearly retirement benefits; 20 O.S. § 1103 provides that the contributions to the retirement system of judges of less than eight years' seniority are returned to them upon retirement. These two outcomes being the only possible outcomes under the statutory retirement compensation scheme, the only sensible interpretation of "full retirement compensation" is the attainment of the eight year participation threshold. For these reasons, Article 7–A, Section 4(d) empowers the Court on the Judiciary to award retirement compensation to a compulsorily retired judge of less than eight years' seniority.

I must, however, vigorously dissent from the majority's disposition of this appeal.

Article 7–A, Section 1(a) empowers the Court on the Judiciary either to *remove* or to *compulsorily retire* a judge whom it considers unfit to continue to serve. The Trial Division's opinion orders "compulsory removal," a disposition not contemplated by the Constitution. Thus, it is unclear from the Trial Division's opinion what result was intended.

Article 7–A, Section 5(c) of the Oklahoma Constitution gives the Appellate Division the power to review *de novo* both facts and law with respect to cases properly before us. We are not compelled to accept, and have the power to disregard, the Trial Division's findings and orders. A grant of power does not, however, demand that such power be blindly exercised whenever the opportunity for such exercise arises. The exercise of power should be guided by sound discretion. The majority's cavalier disregard for the Trial Division's efforts in this case is an abuse of our power and will surely lead to greater abuses in the future. It cannot be a rightful and rational exercise of our power to determine, without the guidance of a lucid decision by the Trial Division, and based upon a mere reading of the record without benefit of having heard actual testimony of witnesses, that Appellant is entitled to retirement compensation in any amount.

I would remand this case to the Trial Division for their reevaluation in a manner not inconsistent with the opinion expressed above as to the power of the Court on the Judiciary to award retirement compensation and the proper characterization in light of Article 7–A, Section 4(d) of the Oklahoma Constitution of the action it wishes to take.