**Sherman Louis CEASAR, Appellant,**

v.

**CITY OF TULSA, Appellee.**

**No. 79931.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 7, 1993.

Steven L. Sessinghaus, Tulsa, for appellant.

Larry V. Simmons, Tulsa, for appellee.

**1.** Section 157(B) provides that no action for any cause arising under the Act shall be maintained unless valid notice has been given and the ac-

## OPINION

HANSEN, Chief Judge:

Plaintiff, Sherman Ceasar, filed an action against the City of Tulsa, (City), under the Governmental Tort Claims Act, 51 O.S. 1991 § 151 et seq. He presented his claim to City within one year from the date the alleged tort was committed as required by § 156(B) of the Act. On September 27, 1991, in an apparent over abundance of caution to avoid the running of the statute of limitations for tort actions found at 12 O.S. 1991 § 95(4), Ceasar filed an action against City prior to City's denial of his claim. He did not attempt service at this time. However, under § 157(B) of the Act such an action is premature.[1]

Under § 157(A), a claim is deemed denied if the subdivision fails to approve the claim in its entirety within 90 days. Ceasar's claim was deemed denied on December 25, 1991. On April 20, 1992, within 180 days after the denial, in order to comply with the limitation of § 157(B), Ceasar amended his petition to allege City had denied his claim.

Ceasar then filed a pleading, admitting the original suit was premature and asking for an extension of time for service on City. The trial court granted his motion and he served City. City filed a Motion to Dismiss claiming non-compliance with the Act. The trial court agreed and dismissed the action with prejudice, finding the pleading could not be amended to state a cause of action in that at the time of the dismissal more than 180 days had elapsed since the claim under the Act had been deemed denied. The trial court refused to apply the saving statute of 12 O.S. 1991 § 100 to extend the life of the action. We reverse.

Initially we must state we agree with the trial court that § 100, the savings statute, is inapplicable to actions under the Act. Section 100 is a remedial statute which operates generally to extend the statute of limitations in that it serves strictly to lengthen the period allowed for the commencement of an action or proceed-

tion is commenced within 180 days after denial of the claim.

ing. In contrast, the special time limitations of the Act are conditions imposed upon the very right to bring the action and are not directed solely to the remedy. *Matter of Estate of Speake*, 743 P.2d 648 (Okla.1987).

■ However, Ceasar filed an Amended Petition, before serving City, alleging his right to bring the action pursuant to the Act. Filing of litigation within 180 days after denial of a claim under the Act is a condition precedent to and an essential element of the right to a cause of action against City. *Lasiter v. City of Moore*, 802 P.2d 1292 (Okla.App.1990). City does not challenge Ceasar's right to amend his petition. With the trial court's permission, service was timely, and City does not claim it was prejudiced in any way by the filing and service of the amended petition.

■ An amended petition constitutes an abandonment of the original petition and all prior averments not made a part of the amended petition. *State ex rel. Simms v. Simmons*, 711 P.2d 949 (Okla.Jud.1985). The amended petition asserted for the first time denial of Ceasar's claim against City. The attack upon the denial of the claim dates from the filing of the amended petition and does not date back to the filing of the original petition. *See, Perkins v. Masek*, 366 P.2d 101 (Okla.1961). Thus any error in the premature filing was corrected by the timely filing of the Amended Petition. The trial court erred in dismissing Ceasar's suit. Accordingly we REVERSE AND REMAND FOR FURTHER PROCEEDINGS.

JONES, P.J., and ADAMS, J., concur.