Lynn ROBBINS, Donna Johnston and Johnny Randall McDonald, as Co–Executors and Personal Representatives of the Estate of the late Martha McDonald Holder, on behalf of her estate and as Personal Representatives of Johnny Rufus McDonald, deceased; Lynn Robbins, an individual, Donna Johnston, an individual, Johnny Randall McDonald, an individual, and Jean Payne, an individual, Appellants,

v.

CITY OF DEL CITY, a municipal corporation, Appellee.

No. 81195.

Court of Appeals of Oklahoma, Division No. 3

April 26, 1994.

Craig William McCoy, Oklahoma City, for appellants.

Reggie N. Whitten, Kathryn D. Mansell, Oklahoma City, for appellee.

## OPINION

HUNTER, Presiding Judge:

Appellants' tort action against Appellee (City) arising from a claim under the Governmental Tort Claims Act (the Act), 51 O.S. Supp.1987 §§ 151 et seq., was dismissed as untimely by the trial court. Their motion for reconsideration was denied and this appeal followed.

Martha McDonald Holder (Holder) filed a tort claim with the City in March, 1990, alleging negligence arising from the death of her husband, who was shot to death in May, 1989. The City denied Holder's claim in April, 1990. Holder timely filed suit against the City on September 27, 1990, but voluntarily dismissed her suit without prejudice in December, 1990. Holder refiled the lawsuit by amended petition on May 6, 1991. Appellants were substituted as parties upon Holder's death in June, 1991. The City moved to dismiss primarily on the ground that the lawsuit was not commenced within 180 days after denial of the claim as required by 51 O.S.Supp.1989 § 157(B). Appellants argued that the savings clause of 12 O.S.1981 § 100 allowed them to refile this action by amended petition within one year of the dismissal. The trial court determined the recommencement of actions provision in Section 100 did not extend the time prescribed in Section 157(B) within which to sue a political subdivision, and dismissed the case. We affirm.

Division 1 of the Court of Appeals in *Ceasar v. City of Tulsa*, 861 P.2d 349 (Okl.App.1993) specifically held that Section 100 does not apply to claims under the Act. Appellants' right to commence this action against the City existed only if instituted within 180 days after denial of the claim as required by the specifically authorized enactment of 51 O.S.Supp.1989 § 157(B). Section 100 is a remedial statute which operates generally to extend the statute of limitations in that it serves strictly to lengthen the period allowed for the commencement of an action or proceeding. *Ceasar v. City of Tulsa*, supra. In contrast, the special time limitations of the Act are conditions imposed upon the very right to bring the action and are not directed solely to the remedy. *Matter of Estate of Speake*, 743 P.2d 648 (Okl.1987); *Johns v. Wynnewood School Board of Education*, 656 P.2d 248 (Okl.1982). Dismissal of Appellants' original action signified the ending of the lawsuit and no jurisdiction remained in the district court for Appellants to go forward with the original action. See *General Motors Acceptance Corp. v. Carpenter*, 576 P.2d 1166 (Okl.1978); *In re Initiative Petition No. 112, State Question No. 167*, 154 Okl. 257, 7 P.2d 868 (1932). The trial court was correct in refusing to apply the savings clause of Section 100 to extend the life of this action and properly dismissed the lawsuit. The dissent mistakenly concludes that the Act is totally inapplicable because Appellee allegedly waived its governmental immunity to the extent that it was covered by liability insurance. However, even Appellants recognize in their brief that "once an action is properly commenced against an insured municipality, then the insurer becomes liable to the aggrieved party *to the extent of the coverage.*" Here, the action was never "properly commenced", so as to invoke the issue of liability coverage and any discussion of the issue is unnecessary in view of the district court's lack of jurisdiction. Exemptions from liability under the Act are not exemptions from other provisions of the Act and persons with claims falling within those exemptions are not free to pursue them without compliance with the Act. *Sanchez v. City of Sand Springs*, 789 P.2d 240 (Okl.1990). Even when a political subdivision is potentially liable on an insured risk to the extent of its liability insurance coverage, it may still be otherwise exempt under the Act. *Herweg v. Board of Education of Lawton Public Schools*, 673 P.2d 154 (Okl.1983); *Lamont Ind. School Dist # I–95 of Grant County v. Swanson*, 548 P.2d 215 (Okl.1976).

Moreover, the dissent's claim that an unconstitutional classification is created by our finding that Section 100 is inapplicable to claims under the Act is also without merit as it has been determined that the Act does not violate due process or equal protection in its different consideration of private and public tortfeasors. *See Childs v. State ex rel. Oklahoma State University*, 848 P.2d 571, 577 (Okl.1993), cert. denied —— U.S. ——, 114 S.Ct. 92, 126 L.Ed.2d 60; *Griggs v. State ex*

*rel. Oklahoma Department of Transportation,* 702 P.2d 1017, 1019 (Okl.1985); *Neal v. Donahue,* 611 P.2d 1125, 1129 (Okl.1980).

The trial court's judgment is hereby AFFIRMED.

BAILEY, J., concurs.

GARRETT, V.C.J., dissents with separate opinion.

GARRETT, Vice Chief Judge, dissenting.

*FIRST:* I agree with Appellant that Appellee waived its governmental immunity to the extent that it was covered by liability insurance.

*SECOND:* I agree with Appellant that 12 O.S.1991 § 100 permits the case to be refiled within one year after it was dismissed. That constitutes a failure by the Plaintiff "on such action otherwise than upon the merits".

*THIRD:* This decision treats a victim of a tort committed by an employee of a governmental agency differently than a victim of a tort committed by a private person or an employee of a private person. The difference is in applying § 100 in favor of the victim of a private tortfeasor and not in favor of the victim of a governmental tortfeasor. This constitutes a denial of equal protection of law, unless some legitimate state interest exists to justify different treatment of persons in the two classifications. I fail to perceive any such legitimate state interest. cf. *Reirdon v. Wilburton Board of Education,* 611 P.2d 239 (Okl.1980).

Reliance by the majority on the case of *Ceasar v. City of Tulsa,* 861 P.2d 349 (Okl. App.1993) is misplaced. It is distinguishable from the case being considered. That plaintiff filed an action against the city prior to the time it had denied plaintiff's claim and prior to the time it was "deemed" denied. The petition was prematurely filed. It did not, and could not state a cause of action because the claim had not been denied. No summons was served. Then, after the claim was denied, the plaintiff allowed more than 180 days to elapse before taking any action in court. The maximum time to serve a summons had expired. Plaintiff's attempt to amend the improperly filed petition in such manner to state a cause of action and the service of summons took place after the action was time barred by the 180 day statute. This Court correctly held the plaintiff's attempt to amend constituted an effort to file the action out of time, and it was time barred. The procedural facts disclosed that § 100 could not rescue the action. The statement by the court in *Ceasar,* that § 100 does not apply to actions brought under Oklahoma's Governmental Tort Claims Act, was totally inapplicable to the decision reached, and constituted obiter dictum in its purest form. Ceasar's action did not fail "otherwise than upon the merits" because § 100 applies only when a case is properly commenced. Ceasar did not file a petition for Certiorari. The case was not ordered published by the Supreme Court, and does not constitute precedent or binding authority.

The majority cites three cases for the statement: "... it has been determined that the Act does not violate due process or equal protection in its different consideration of private and public tortfeasors." Those cases are: *Childs v. State ex rel. Oklahoma State University,* 848 P.2d 571, 577 (Okl.1993), cert. denied —— U.S. ——, 114 S.Ct. 92, 126 L.Ed.2d 60; *Griggs v. State ex rel. Oklahoma Department of Transportation,* 702 P.2d 1017, 1019 (Okl.1985); *Neal v. Donahue,* 611 P.2d 1125, 1129 (Okl.1980). None of these cases mention § 100, and they are not authority which is applicable here. The principal holding in these cases was that the doctrine of governmental immunity does not violate the due process or equal protection of laws provisions of the constitution. Section 100 was not involved and was not discussed. *Reirdon,* supra, states the correct rule. Incidentally, § 100 is not a part of our Governmental Tort Claims Act; it is a portion of our civil code and applies to all actions falling within its provisions.

The Supreme Court of Oklahoma has not considered the issue of whether the savings clause of § 100 applies to tort actions filed against the State of Oklahoma or one of its agencies or sub-divisions. At least, I am not

familiar with such a case, and the majority opinion does not cite one. Until the Supreme Court does decide this issue, it is an open question.

Unless a higher authority so decides, I will not hold that a litigant may be dealt with in a manner violative of his constitutional rights. The technical distinction between a statute of limitations and the so-called right to bring an action does not justify this result.

I respectfully DISSENT.