Douglas GIBSON, Appellant,

v.

CITY OF TULSA, Tulsa Airport Improvement Authority, and Tulsa Airport Authority, Appellees.

No. 80920.

Court of Appeals of Oklahoma, Division No. 3.

July 19, 1994.

Thomas Whalen, Owasso, for appellant.

James C. Daniel, Dunnery & Daniel, Tulsa, for appellees.

## OPINION

ADAMS, Judge:

On February 5, 1991, Appellant Gibson gave written notice of a tort claim for injuries which allegedly occurred due to negligence of a Tulsa airport employee on February 13, 1990. Although his claim had not formally been denied, Gibson sued the Appellees on February 7, 1991. Appellees moved to dismiss, arguing the lawsuit was premature. While that motion was pending, Gibson dismissed his lawsuit without prejudice on March 4, 1991. Gibson refiled his action on January 17, 1992.

Appellees filed a motion for summary judgment based upon the statute of limitations contained in The Governmental Tort Claims Act (Act), 51 O.S.1991 § 151 *et seq.* Gibson responded with a claim, supported by an affidavit from his attorney, that the statute of limitations was tolled because counsel for Appellees asked Gibson's counsel to dismiss the earlier lawsuit and informed him that Appellees "wanted to settle the claim." According to the affidavit, the attorney for

Appellees asked Gibson's counsel to "just give us some time" and indicated the attorney would "get back" with Gibson's attorney. Gibson also argued his refiling was timely under 12 O.S.1991 § 100, Oklahoma's "saving" statute.

Although Appellees' attorney stated the conversation recounted in Gibson's attorney's affidavit did not occur, for purposes of Appellees' motion, Appellees and the trial court considered the statements made in the affidavit as if they were accurate. The trial court concluded the uncontroverted facts were not consistent with tolling and that the savings statute did not apply to claims under the Act. Accordingly, the trial court granted Appellees' motion and granted Appellees judgment on Gibson's claim. Gibson appeals.

■■■ In addressing Gibson's claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Appellees are entitled to judgment as a matter of law. *Perry v. Green*, 468 P.2d 483 (Okla.1970). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Gibson. *Ross v. City of Shawnee*, 683 P.2d 535 (Okla.1984). We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than on one that could have been assembled. *Frey v. Independence Fire and Cas. Co.*, 698 P.2d 17 (Okla.1985).

■ At the outset, we note that 12 O.S. 1991 § 100 does not save Gibson's claim. Section 100 allows a plaintiff to refile an action which is dismissed "otherwise than upon the merits" within one year of the dismissal, even if the relevant statute of limitations has otherwise run. However, the special time limitations in the Act are not mere limitations on the remedy but limit the right to bring the action. The general savings statute does not operate to extend those specific limits. *Ceasar v. City of Tulsa*, 861 P.2d 349 (Okla.App.1993).

■ Gibson also claims that the assurances of settlement resulted in tolling of the statute of limitations, citing *Whitley v. Oologah Independent School District No. I–4 of Rogers County*, 741 P.2d 455 (Okla.1987). After *Whitley* and before Gibson's alleged injury in 1990, the Legislature amended the Act to remove settlement negotiations as a means of extending the statute of limitations. Effective March 30, 1989, § 157 provides:

A. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. *The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial.*

B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. *Neither the claimant nor the state or political subdivision may extend the time to commence an action by continuing to attempt settlement of the claim.* (Emphasis added)

By adding the emphasized language after *Whitley* was decided, the Legislature rejected the notion that pending settlements should extend either the time in which the tort claim is deemed denied or in which the lawsuit must be filed. The evidentiary materials presented by the parties were consistent only with the conclusion that Gibson's claim was barred by the Act. The trial court's judgment is affirmed.

AFFIRMED.

HUNTER, J., concurs.

GARRETT, V.C.J., concurs in part, dissents in part: I dissent to the portion of this opinion relating to 12 O.S.1991 § 100. Otherwise, I concur in the result.